UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

NATIONAL CASUALTY COMPANY,        )
                                  )
        Plaintiff,                )           Civil No. 13-246-GFVT
                                  )
v.                                )
                                  )           **MEMORANDUM OPINION**
KEVIN LEE WALLACE, et al.,        )                    **&**
                                  )                 **ORDER**
        Defendants.               )

*** *** *** ***

National Casualty Company seeks a declaration of rights concluding that it has no obligation to provide insurance coverage for the civil claims asserted in Kevin Lee Wallace's state court negligence lawsuit. National Casualty Company has filed a motion for summary judgment, to which Wallace has failed to respond. For the reasons set forth below, the Court finds that summary judgment is appropriate and GRANTS National Casualty Company's motion.

**I**

**A**

This declaratory judgment action was first filed with the Court in December 2013. Plaintiff National Casualty Company brought suit against Defendants Kevin Lee Wallace and Timothy Justice d/b/a/ TJ's Marine and ATV Repairs, seeking a declaration that it has no insurance coverage obligations for claims by the Defendants arising out of a work-related accident that occurred on or about September 19, 2012 in Lancaster, Garrard County, Kentucky.

On or about that date, Wallace was working for TJ's Marine and was assisting in transporting a houseboat to Pulaski County. As the TJ's Marine employees transporting the boat approached Lancaster, Kentucky, on their way to the TJ's Marine shop, Wallace was directed to raise a stoplight and wires so that the houseboat could safely pass underneath. As Wallace did so, another employee, Paul Weber, struck a utility cable with a truck. The utility cable then struck and injured Wallace. Wallace filed a civil action in Garrard Circuit Court for negligence and a violation of Ky. Rev. Stat. § 342.690, which concerns employers' workers' compensation coverage. Shortly after Wallace filed the state court suit, Plaintiff National Casualty Company filed the instant federal action.

This case has seen various procedural changes since National Casualty Company's initial December 2013 complaint. Defendant Wallace timely answered the original complaint [R. 6], but Defendant Timothy Justice, d/b/a TJ's Marine and ATV Repairs did not. Defendant Justice's lack of response ultimately led to the entry of a default judgment against him on November 13, 2014. [R. 15.] Also, National Casualty Company moved the Court for leave to file an amended complaint for the purposes of adding Paul Weber as a Defendant. [R. 26.] The Court granted the motion [R. 29], and an amended complaint was filed on May 6, 2015. [R. 30.] Once again, Defendant Wallace answered the complaint. [R. 32.] Like Defendant Justice, however, the newly added Defendant Weber failed to respond. National Casualty Company recently moved for an entry of default against Weber [R. 48], and the Clerk of this Court entered default on November 25, 2015. [R. 49.]

Although Defendant Wallace has timely answered both the initial and the amended complaint, his participation in this lawsuit has been somewhat abnormal. The record indicates

2

that National Casualty Company has served two written discovery requests on Wallace [R. 33; R. 40]; however, National Casualty Company's motion for summary judgment indicates that Wallace has failed to respond to either request. [R. 45-1 at 4-5.] The record is absent of any signs of discovery that Wallace himself has conducted. On October 12, 2015, Wallace filed a motion to dismiss with the Court. [R. 41.] However, he withdrew that motion to dismiss ten days later, before National Casualty Company had a chance to respond. [R. 44; *see also* R. 46.] On October 23, 2015, National Casualty Company filed the motion for summary judgment that is now before the Court. [R. 45.] Wallace failed to respond to the summary judgment motion.

**B**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D.Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding,* 285 F.3d 415, 424 (6th. Cir. 2002). Moreover, the movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this

3

burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Holding Hall*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Ultimately, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Holding Hall*, 285 F.3d at 424 (internal citations omitted).

Finally, the trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact" and "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). In reviewing a motion for summary judgment, the court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Browning v. Dept. of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 495 U.S. 574, 587 (1986)).

## II

Although the Court is required to review the evidence and draw inferences in favor of Defendant Wallace, the non-moving party, at this stage, the Court is currently faced with the somewhat atypical situation in which the non-moving party has failed to present any evidence at all. Wallace has not offered proof supporting his position, nor has he made any arguments opposing National Casualty Company's position. As a result, Wallace is in the precarious position of hoping that the general denials made in his answer to National Casualty Company's amended complaint are sufficient to create a genuine issue of material fact.

The Court is not permitted to create a legal argument on behalf of Wallace based on the denials in his answer. As the Sixth Circuit Court of Appeals has stated, it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). More importantly, the Supreme Court has interpreted Federal Rule of Civil Procedure 56(e) as requiring the non-movant to do more than make "reference only to its pleadings" to defeat a properly made summary judgment motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In this case, Defendant Wallace has not only failed to rely on his answer as sufficient opposition to the Plaintiff's motion, but has failed to even refer to his answer at all or to make any kind of argument or response. "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The Court finds this rule applicable to the present situation.

National Casualty Company's motion for summary judgment is, indeed, well-supported. National Casualty Company sets forth the exclusions in the insurance policy in question that apply to employees of the insured. [R. 45-1 at 5-6; R. 45-8.] It explains why Wallace is a properly excluded employee under the policy, regardless of Wallace's contention that he was acting as an independent contractor of TJ's Marine when he was injured. [*See, e.g.*, R. 45-1 at 2-3; R. 45-3; R. 45-4; R. 45-6.] It properly sets forth the law on Wallace's deemed admissions under Federal Rule of Civil Procedure 36(a) and on the application of the doctrine of judicial estoppel. [R. 45-1.] On the whole, there is evidence showing that the accident giving rise to the

underlying state court and present federal actions does not trigger coverage obligations on behalf of National Casualty Company. Defendant Wallace has offered nothing to the contrary, such that a reasonable jury could return a verdict for him. *See, e.g.*, *Olinger*, 521 F. Supp. 2d at 582.

### III

Therefore, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that summary judgment for National Casualty Company against Defendant Kevin Wallace is appropriate, and National Casualty Company's motion [**R. 45**] is **GRANTED**.

This the 3rd day of December, 2015.

Gregory F. Van Tatenhove
United States District Judge